UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                   :
UNITED STATES OF AMERICA           :     **SUPERSEDING INDICTMENT**
                                   :
        - v. -                     :     S2 18 Cr. 444 (NRB)
                                   :
DANIEL BORER, and                  :
JOSEPHINE McLAUGHLIN,              :
                                   :
              Defendants.          :
                                   :
- - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/4/19

**COUNT ONE**
(Conspiracy to Import and Distribute
Controlled Substance Analogues)

The Grand Jury charges:

THE SYNTHETIC CANNABINOIDS IMPORTATION AND DISTRIBUTION SCHEME

1.  From at least in or about February 2014, up to and including in or about February 2019, in the Southern District of New York and elsewhere, DANIEL BORER and JOSEPHINE McLAUGHLIN, the defendants, operated a scheme to import synthetic cannabinoids from China and then use them to manufacture and distribute massive wholesale quantities of smokeable synthetic cannabinoids ("SSC"), containing controlled substances and controlled substance analogues, throughout the United States.

2.  DANIEL BORER and JOSEPHINE McLAUGHLIN, the defendants, operated an unlawful, covert drug distribution

business that imported synthetic cannabinoids from China and sold wholesale quantities of SSC, colloquially referred to as "K2" or "Spice," which included dried, shredded plant material onto which the imported synthetic cannabinoid chemicals had been sprayed, and liquids containing synthetic cannabinoid chemicals for users to vaporize and inhale with e-cigarettes or other similar devices. Packages of SSC were shipped through the United States mail and other carriers to retail dealers of SSC throughout the United States, including online sellers. Some of the SSC distributed by the scheme were branded with colorful graphics and distinctive names, including "Dead Man Walking," "Klimax," "Zero Gravity," "Twilite," "Psycho," and "Get Real." The branded SSC were sometimes marked "not for human consumption," or "potpourri." Other of the SSC was distributed in bulk quantities.

3. SSC, which can be addictive, are often marketed as safe, legal alternatives to marijuana. In fact, SSC are not safe and may affect the brain much more powerfully than marijuana; their actual effects can be unpredictable and, in some cases, more dangerous or even life-threatening.

STATUTORY ALLEGATIONS

4. From at least on or about February 10, 2014, up to and including on or about April 10, 2017, in the Southern

District of New York and elsewhere, DANIEL BORER and JOSEPHINE McLAUGHLIN, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the controlled substance laws of the United States.

5. It was a part and an object of the conspiracy that DANIEL BORER and JOSEPHINE McLAUGHLIN, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute controlled substance analogues, in violation of Title 21, United States Code, Section 841(a)(1).

6. It was further a part and an object of the conspiracy that DANIEL BORER and JOSEPHINE McLAUGHLIN, the defendants, and others known and unknown, would and did intentionally and knowingly import from China into the United States controlled substance analogues, in violation of Title 21, United States Code, Sections 952 and 960(a)(1).

7. The controlled substance analogues that DANIEL BORER and JOSEPHINE McLAUGHLIN, the defendants, agreed to distribute and possess with intent to distribute, and would and did intentionally and knowingly import from China into the United States, were mixtures and substances containing a detectable amount of (a) methyl 2-(1-(5-fluoropentyl)-1H-indazole-3-carboxamido)-3,3-dimethylbutanoate) (known as "5F-

ADB" and "5F-MDMB-PINACA"), a controlled substance analogue, as defined in Title 21, United States Code, Section 802(32), of N-1(1-amino-3,3-dimethyl-1-oxobutan-2-yl)-1-pentyl-1H-indazole-3-carboxamide (known as "ADB-PINACA"), that was intended for human consumption and is treated as a controlled substance in Schedule I of the Controlled Substances Act; and (b) methyl 2-(1-(4-fluorobenzyl)-1H-indazole-3-carboxamido)-3-methylbutanoate (known as "AMB-FUBINACA," "FUB-AMB," and "MMB-FUBINACA"), a controlled substance analogue, as defined in Title 21, United States Code, Section 802(32), of N-(1-amino-3-methyl-1-oxobutan-2-yl)-1-(4-fluorobenzyl)-1H-indazole-3-carboxamide (known as "AB-FUBINACA"), that was intended for human consumption and is treated as a controlled substance in Schedule I of the Controlled Substances Act, in violation of Title 21, United States Code, Sections 813 and 841(b)(1)(C).

(Title 18, United States Code, Section 846.)

**COUNT TWO**
(Conspiracy to Import and Distribute a Controlled Substance and a Controlled Substance Analogue)

The Grand Jury further charges:

8. From on or about April 10, 2017, up to and including on or about November 3, 2017, in the Southern District of New York and elsewhere, DANIEL BORER and JOSEPHINE McLAUGHLIN, the defendants, and others known and unknown,

4

intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the controlled substance laws of the United States.

9. It was a part and an object of the conspiracy that DANIEL BORER and JOSEPHINE McLAUGHLIN, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance and a controlled substance analogue, in violation of Title 21, United States Code, Section 841(a)(1).

10. It was further a part and an object of the conspiracy that DANIEL BORER and JOSEPHINE McLAUGHLIN, the defendants, and others known and unknown, would and did intentionally and knowingly import from China into the United States a controlled substance and a controlled substance analogue, in violation of Title 21, United States Code, Sections 952 and 960(a)(1).

11. The controlled substance that DANIEL BORER and JOSEPHINE McLAUGHLIN, the defendants, agreed to distribute and possess with intent to distribute, and would and did intentionally and knowingly import from China into the United States, was mixtures and substances containing a detectable amount of methyl 2-(1-(5-fluoropentyl)-1H-indazole-3-carboxamido)-3,3-dimethylbutanoate) (known as "5F-ADB" and "5F-

MDMB-PINACA"), in violation of Title 21, United States Code, Section 841(b)(1)(C).

12. The controlled substance analogue that DANIEL BORER and JOSEPHINE McLAUGHLIN, the defendants, agreed to distribute and possess with intent to distribute, and would and did intentionally and knowingly import from China into the United States, were mixtures and substances containing a detectable amount of methyl 2-(1-(4-fluorobenzyl)-1H-indazole-3-carboxamido)-3-methylbutanoate (known as "AMB-FUBINACA," "FUB-AMB," and "MMB-FUBINACA"), a controlled substance analogue, as defined in Title 21, United States Code, Section 802(32), of N-(1-amino-3-methyl-1-oxobutan-2-yl)-1-(4-fluorobenzyl)-1H-indazole-3-carboxamide (known as "AB-FUBINACA"), that was intended for human consumption and is treated as a controlled substance in Schedule I of the Controlled Substances Act, in violation of Title 21, United States Code, Sections 813 and 841(b)(1)(C).

(Title 21, United States Code, Section 846.)

**COUNT THREE**
(Conspiracy to Import and Distribute Controlled Substances)

The Grand Jury further charges:

13. From on or about November 3, 2017, up to and including on or about February 2019, in the Southern District of New York and elsewhere, DANIEL BORER and JOSEPHINE McLAUGHLIN,

6

the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the controlled substance laws of the United States.

14. It was a part and an object of the conspiracy that DANIEL BORER and JOSEPHINE McLAUGHLIN, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

15. It was further a part and an object of the conspiracy that DANIEL BORER and JOSEPHINE McLAUGHLIN, the defendants, and others known and unknown, would and did intentionally and knowingly import from China into the United States controlled substances, in violation of Title 21, United States Code, Sections 952 and 960(a)(1).

16. The controlled substances that DANIEL BORER and JOSEPHINE McLAUGHLIN, the defendants, agreed to distribute and possess with intent to distribute, and would and did intentionally and knowingly import from China into the United States, were mixtures and substances containing a detectable amount of (a) methyl 2-(1-(5-fluoropentyl)-1H-indazole-3-carboxamido)-3,3-dimethylbutanoate) (known as "5F-ADB" and "5F-MDMB-PINACA"), and (b) methyl 2-(1-(4-fluorobenzyl)-1H-indazole-

7

3-carboxamido)-3-methylbutanoate (known as "AMB-FUBINACA," "FUB-AMB," and "MMB-FUBINACA"), in violation of Title 21, United States Code, Section 841(b)(1)(C).

(Title 21, United States Code, Section 846.)

### FORFEITURE ALLEGATION

17. As a result of committing the controlled substance offenses alleged in Counts One, Two, and Three of this Superseding Indictment, DANIEL BORER and JOSEPHINE McLAUGHLIN, the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offenses and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

#### Substitute Assets Provision

18. If any of the above described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

8

    (b) has been transferred or sold to, or deposited with, a third person;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

    (Title 21, United States Code, Section 853.)

_____
Foreperson

_____
GEOFFREY S. BERMAN
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

DANIEL BORER, and
JOSEPHINE McLAUGHLIN,

Defendants.

SUPERSEDING INDICTMENT

S2 18 Cr. 444 (NRB)

(21 U.S.C. § 846.)

GEOFFREY S. BERMAN
United States Attorney.

*[signature]*

Foreperson

2/4/19 - Filed Sealed Superseding Indictment
 & /W's issued.

*[signature] J Pitman*
*USMJ*